UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Petitioner,<br><br>    v.<br><br>F.B. HAWS, et al.,<br><br>    Respondents. | NO. CV 11-7427-SVW (AGR)<br><br>**OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

On September 9, 2011, Petitioner filed a Petition for Writ of Habeas Corpus.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition and direct the clerk to notify the petitioner. *See also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Summary dismissal is appropriate here because the petition is not cognizable under habeas. Petitioner alleges that since 2007, first at California State Prison at Lancaster, and now at Pelican Bay, he has been kept in administrative segregation. (Petition, Attached at 1-2.) He alleges he has been

assaulted by prison guards and "falsely accused" of battery.[1] (*Id.* at 2.) He has been "arbitrarily found 'guilty'" in disciplinary proceedings. (*Id.* at 5-6.) His grievances have not been filed properly. (*Id.* at 6.) His appeals have been "obstructed." (*Id.* at 18.) Petitioner request that the Court enjoin prison officials from transferring him to administrative segregation and from "acting in an arbitrary manner." (*Id.* at 33.) Petitioner also asks the Court to provide him with a "remedy to challenge . . . adverse actions." (*Id.*)

     A district court may grant a petition for writ of habeas corpus if the petitioner shows "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method to challenge the legality or duration of a prisoner's confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). By contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the correct method for a prisoner to challenge the conditions of his confinement. *McCarthy v. Bronson*, 500 U.S. 136, 142, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574.

     Petitioner does not challenge the lawfulness or the duration of his confinement. Instead, he challenges the conditions of his confinement and seeks injunctive relief to remedy those conditions. Accordingly, Petitioner is not entitled to habeas relief.

///
///
///
///

---

[1] The Court takes judicial notice of *Hardney v. Haws*, CV 07-6131-SVW (AGR), a pending civil rights complaint brought by Plaintiff that includes many of the allegations in the petition.

2

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition.

DATED: _March 19, 2013____  _____
STEPHEN V. WILSON
United States District Judge

Presented by:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge